IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREN MCGEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2630-D-BN |
| | § | |
| HILAND DAIRY FOODS CO. | § | |
| LLC and CORY SHIDLER, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Darren McGee filed a *pro se* complaint alleging employment-based claims of age and disability discrimination and retaliation. *See* Dkt. No. 3.

McGee also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. So Senior United States District Judge Sidney A. Fitzwater referred this case to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant McGee leave to proceed IFP through a separate order, subjecting his claims to screening under 28 U.S.C. § 1915(e)(2).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the claims against Defendant Cory Shidler with prejudice and then order McGee's complaint served on Defendant Hiland Dairy Foods Co. LLC.

**Legal Standards**

Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP (or any

portion of that complaint) if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S.

at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal under Section 1915(e)(2)(B)(ii), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

**Analysis**

Insofar as McGee alleges employment discrimination and retaliation based on age and disability, he has sued under two federal statutes: the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA").

And, while McGee also makes claims under Chapter 21 of the Texas Labor Code, "[a] purpose of Chapter 21 is to execute the policies embodied in Title VII of the Civil Rights Act of 1963, the [ADEA], and the [ADA]." *Green v. Costco Wholesale*

*Corp.*, No. 3:15-cv-1868-N, 2017 WL 10110295, at *3 n.2 (N.D. Tex. May 30, 2017) (citing *Allen v. Solo Cup Co.*, No. 3:05-cv-848-R, 2006 WL 1949455, at *4 (N.D. Tex. July 13, 2006); TEX. LABOR CODE ANN. §§ 21.001, 21.002, 21.003, 21.006).

So federal courts commonly apply the federal statutory "framework to interpret Chapter 21." *Id.* (citation omitted); *see, e.g.*, *Hester v. Williamson Cnty., Tex.*, No. A-12-CV-190-LY, 2013 WL 4482918, at *3 n.1 (W.D. Tex. Aug. 21, 2013) ("Because the language of Chapter 21 of the Texas Labor Code closely mirrors the language of the ADA and ADEA, the Court addresses Hester's claims under these statutes collectively." (collecting cases)).

Doing so here, neither the ADEA nor the ADA imposes liability on individuals unless they are statutory employers.

To start, the United States Court of Appeals for the Fifth Circuit has "repeatedly rejected any individual liability under Title VII." *Baldwin v. Layton*, 300 F. App'x 321, 323 (5th Cir. 2008) (per curiam); *see also Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013) (per curiam) ("Title VII does not impose liability on individuals unless they are 'employers.'" (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994))).

Individual liability under the ADEA and the ADA is similarly limited.

The Fifth Circuit extended *Grant*'s holding to the ADEA. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) ("The statutory scheme of Title VII at issue in Grant is virtually identical to the statutory scheme of the ADEA at issue here. Both acts limit liability to employers with more than a minimum number of employees,

and both define 'employer' to include agents of the employer. The plaintiffs have directed us to no salient distinction between the ADEA and its closest statutory kin, and we have found none. Therefore, we find that this Court's reasoning in *Grant* applies with equal force in the present context and hold that the ADEA provides no basis for individual liability for supervisory employees.").

And this reasoning applies equally to the ADA. *See, e.g.*, *Taylor v. Academic P'ships, LLC*, No. 3:19-cv-1764-K-BN, 2019 WL 6619808, at *4 (N.D. Tex. Nov. 5, 2019) ("The ADA prohibits employers from discriminating against a 'qualified individual with a disability on the basis of that disability.' 42 U.S.C. § 12112(a); *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2015). The ADA's definition of 'employer' is essentially identical to the definition contained within Title VII. *See* 42 U.S.C. § 12111(5)(A) ('The term "employer" means a person engaged in an industry affecting commerce who has 15 or more employees for each working day … and any agent of such person'). And courts interpret the ADA consistent with Title VII's provisions. *See, e.g.*, *Brewer v. Lavoi Corp.*, No. 3:13-cv-4918-N, 2014 WL 4753186, at *3 (N.D. Tex. Sept. 24, 2014)."), *rec. accepted*, 2019 WL 6619385 (N.D. Tex. Dec. 4, 2019).

McGee alleges no facts under which Shidler may be considered a statutory employer. McGee therefore fails to plausibly allege that Shidler is liable for claims of employment discrimination and retaliation.

Consequently, the Court should dismiss the claims against Shidler with prejudice. After doing so, the Court should order that the complaint be served on

McGee's alleged former employer, Hiland Dairy Foods Co. LLC.

## Recommendation

The Court should dismiss the claims against Defendant Cory Shidler with prejudice and, after doing so, should order that Plaintiff Darren McGee's *pro se* complaint be served on Defendant Hiland Dairy Foods Co. LLC under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 1, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE