IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARREN MCGEE, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:23-CV-2630-D |
| VS. § | |
| § | |
| HILAND DAIRY FOODS CO., LLC, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this *pro se* action alleging, *inter alia*, claims for age discrimination, disability discrimination, and retaliation, defendant Hiland Dairy Foods Company, L.L.C. ("Hiland") moves to dismiss plaintiff Darren McGee's ("McGee's") claims brought under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. §§ 21.001-21.556 (West 2021) and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000ff, *et seq*. For the reasons that follow, the court grants Hiland's motion and permits McGee to replead.

I

McGee is an individual over the age of 50 who suffers from severe hearing loss caused by a childhood medical condition. He alleges that, during his employment with Hiland, he was the victim of age and disability discrimination and retaliation.[1] McGee filed

---

[1] In deciding Hiland's Rule 12(b)(6) motion, the court construes the complaint in the light most favorable to McGee, accepts all well-pleaded factual allegations, and draws all reasonable inferences in McGee's favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433,

a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 5, 2023 and with the Texas Workforce Commission Civil Rights Division ("TWC") on May 8, 2023. On September 25, 2023 the EEOC issued McGee a Notice of Right to file a Civil Action.

On November 29, 2023 McGee sued Hiland[2] alleging, *inter alia*, claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*; the TCHRA; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; GINA; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Hiland moves under Fed. R. Civ. P. 12(b)(6) to dismiss McGee's claims under GINA and the TCHRA. McGee partially opposes the motion, which the court is deciding on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original)

---

437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[2]McGee also sued Cory Shidler ("Shidler"), but the claims against Shidler were dismissed with prejudice by final judgment on December 28, 2023.

(internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (brackets omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the "successful affirmative defense [must] appear[] clearly on the face of the pleadings." *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).  In other words, the movant is not entitled to dismissal under Rule 12(b)(6) based on the affirmative defense unless the nonmovant has "pleaded [him]self out of court by admitting to all of the elements of the defense." *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011)

(Fitzwater, C.J.) (alteration in original) (quoting *Sivertson*, 2011 WL 4100958, at *3).

III

The court begins with McGee's claims brought under GINA, which "prohibits an employer from discriminating or taking adverse actions against an employee 'because of genetic information with respect to the employee.'" *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 826 (5th Cir. 2015) (quoting 42 U.S.C. § 2000ff-1(a)(1), (2)). GINA also makes it unlawful, subject to certain exceptions, "for an employer to request, require, or purchase genetic information with respect to an employee or a family member of the employee." 42 U.S.C. § 2000ff-1(b).

Hiland moves to dismiss McGee's GINA claim on the ground that the complaint "does not include a single fact giving rise to a discrimination claim under GINA." D. Br. (ECF No. 16) at 4. In his response, McGee concedes that "the attempt to bring a discrimination claim under [GINA] should be dismissed." P. Br. (ECF No. 19) at 4. Accordingly, the court grants Hiland's motion to dismiss McGee's claims brought under GINA.

IV

The court next considers Hiland's contention that McGee's claims under the TCHRA are subject to dismissal for failure to exhaust administrative remedies.

A

Before suing an employer under the TCHRA, an aggrieved employee must first exhaust his administrative remedies by filing a complaint with the TWC "not later than the

180th day after the date the alleged unlawful employment practice occurred."[3] Tex. Lab. Code Ann. § 21.202(a). He may then file a civil lawsuit, but "only after the TWC either dismisses the administrative complaint or the TWC fails to resolve the complaint within 180 days." *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 169 (5th Cir. 2014) (citation omitted). "Although a plaintiff need not receive or even request a right-to-sue letter to satisfy the exhaustion requirement, suit may not be filed before the 180-day period has expired."[4] *Tapley v. Simplifile, LC*, 2020 WL 208817, at *2 (N.D. Tex. Jan. 14, 2020) (Brown, J.) (citing *Gorman*, 753 F.3d at 170; *Acker v. Deboer*, 2006 WL 1489265, at *3 (N. D. Tex. May 24, 2006) (Buchmeyer, J.)).

B

Hiland maintains that McGee's TCHRA claims must be dismissed because he has failed to exhaust his administrative remedies. It contends that although McGee alleges that he filed his charge of discrimination with the TWC on or around April 8, 2023,[5] the date stamp on the charge of discrimination attached to the complaint shows that it was signed on September 19, 2023; because McGee did not receive a right-to-sue letter from the TWC, he was required to wait 180 days after filing his charge of discrimination before filing suit; and

---

[3]The Fifth Circuit has clarified that this deadline, "although mandatory, is not jurisdictional." *Hinkley v. Envoy Air, Inc*., 968 F.3d 544, 553 (5th Cir. 2020).

[4]Tex. Labor Code Ann. § 21.252(d) provides: "[f]ailure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this subchapter to bring a civil action against the respondent."

[5]The complaint actually alleges that McGee filed his charge of discrimination with the TWC on or around May 8, 2023. Compl ¶ 7.

McGee failed to exhaust his administrative remedies because he filed his complaint in this case without allowing the TWC 180 days to dismiss or resolve his complaint.

In response, McGee has produced what appears to be a May 8, 2023 email from the TWC stating: "the [TWC] is unable to file a charge on your behalf because the information provided show this allegation has already been filed with the EEOC. Your [TWC] complaint has been transferred and no further actions will be taken by this office." P. App. (ECF No. 19) at 1. He contends, *inter alia*, that he was denied his right to a TCHRA investigation when the TWC refused to file a charge on his behalf and that his TCHRA claim should not be dismissed for failure to exhaust administrative remedies.

C

Although McGee alleges that he filed his charge of discrimination with the TWC on May 8, 2023, the charge of discrimination attached to the complaint[6] is dated September 19, 2023. When an allegation in the complaint "is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls." *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citation omitted); *see also Hoffman v. L&M Arts*, 2011 WL 3567419, at *9 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) ("[A] genuine conflict between the complaint and a pleading exhibit requires that the court accept the exhibit rather than the factual allegations as true."). The evidence that McGee has attached to his response to Hiland's motion to dismiss suggests that McGee in

---

[6]In deciding Hiland's motion to dismiss, the court is permitted to consider documents attached to the complaint. *Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387.

fact filed a charge of discrimination with the EEOC on or around May 8, 2023. *See* P. App. (ECF No. 19) at 1. But because this evidence is not also attached to the complaint, the court cannot consider it in deciding Hiland's motion to dismiss.

Accordingly, because it appears from the face of the pleadings that McGee did not wait the required 180 days after filing his TWC charge before filing the instant lawsuit, the court grants Hiland's motion to dismiss McGee's claims under the TCHRA. *See, e.g.*, *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 371 (S.D. Tex. 2023) ("If the plaintiff's failure to exhaust administrative remedies is established by the pleadings and the other properly considered documents, then dismissal under Rule 12(b)(6) is appropriate." (citation omitted)). This dismissal is without prejudice. *See, e.g.*, *Tapley*, 2020 WL 208817, at *2 (granting motion to dismiss TCHRA claims without prejudice under Rule 12(b)(6) where plaintiff admitted he filed suit prematurely, "failing to exhaust his administrative remedies").

V

Although the court is dismissing McGee's TCHRA claims against Hiland, it will permit him to replead.

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater,

J.) (alteration omitted) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Because McGee has not stated that he cannot, or is unwilling to, cure the defects that the court has identified with respect to his TCHRA claim, the court grants him 28 days from the date this memorandum opinion and order is filed to file a first amended complaint.

\* \* \*

For the reasons explained, the court grants Hiland's motion to dismiss and also grants McGee leave to file an amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

March 22, 2024.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　SENIOR JUDGE