IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARREN MCGEE, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:23-CV-2630-D |
| VS. § | |
| § | |
| HILAND DAIRY FOODS CO., LLC, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this *pro se* action alleging claims for age discrimination, retaliation, and violation of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), defendant Hiland Dairy Foods Company, L.L.C. ("Hiland") moves to dismiss plaintiff Darren McGee's ("McGee's") amended complaint in part. For the reasons that follow, the court grants Hiland's motion.

I

McGee is an individual over the age of 50. In his first amended complaint, which is the operative pleading, McGee sues his former employer, Hiland, for age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. §§ 21.001-21.556 (West 2021); for violation of the EPA; and for retaliation under the TCHRA.

In *McGee v. Hiland Dairy Foods Co.*, 2024 WL 1251519, at *3 (N.D. Tex. Mar. 22, 2024) (Fitzwater, J.), the court granted Hiland's motion to dismiss certain of McGee's claims, but it permitted McGee to replead. After McGee filed his amended complaint,

Hiland filed the instant motion to dismiss McGee's amended complaint in part on the ground that McGee has failed to state a claim under the EPA. McGee opposes the motion. The court is deciding the motion on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the amended] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (brackets omitted). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id*. at 678.

III

The EPA prohibits an employer from discriminating between employees on the basis of sex by

> paying wages to employees [in a covered establishment] at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

29 U.S.C. § 206(d)(1). To establish a prima facie case under the EPA, a plaintiff must show that: "(1) [his] employer is subject to the Act; (2) [he] performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) [he] was paid less than the employee of the opposite sex providing the basis of comparison." *Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 617 (5th Cir. 2020) (quoting *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). "'Once a plaintiff has made [his] prima facie case by showing that an employer compensates employees differently for equal work, the burden shifts to the defendant to' show by a preponderance of the evidence that the differential in pay was made pursuant to one of the four enumerated exceptions." *King v. Univ. Healthcare Sys., L.C.*, 645 F.3d 713, 723 (5th Cir. 2011) (quoting *Siler-Khodr v. Univ. of Tex. Health Sci. Ctr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001)).

Hiland moves to dismiss McGee's EPA claim on the ground that McGee has failed

to allege any facts to suggest that a female in a similar position earned a higher wage than he did.  McGee responds that his amended complaint alleges sufficient facts to establish a claim under the EPA; that he "was paid far less than his counterparts, who were in most cases younger than he was," P. Br. (ECF No. 29) at 2; that the EPA protects both men and women under the Fair Labor Standards Act; and that the EPA "isn't Gender specific because discrimination can take different forms, as in that of Mr. McGee who is documented as being a disabled individual with a Hearing Impairment," *id.* at 3.

Although McGee is correct that the EPA protects both men and women, it only applies when the discrimination at issue is "on the basis of sex."  29 U.S.C. § 206(d)(1); *see also, e.g.*, *Ayorinde v. Team Indus. Servs. Inc*, 2024 WL 1190774, at *2 (W.D. Tex. Feb. 19, 2024) ("[T]he Equal Pay Act applies only to sex discrimination.  Indeed, not only do the plain words of the statute prohibit only 'sex discrimination,' the elements for an Equal Pay Act claim require[] the plaintiff to prove [he was] 'paid less than *the employee of the opposite sex*[,]' providing the basis of comparison." (citation omitted)); *Morton v. Cotton Seed Co-op Corp.*, 2021 WL 3613447, at *3 (N.D. Miss. Aug. 13, 2021) ("The Equal Pay Act applies only to claims of discrimination on the basis of gender." (citation omitted)).  McGee alleges that he "was paid far less than employees with less experience and much younger," Am. Compl. ¶ 36, but he does not plead that he was paid less than any female employee at Hiland.  Accordingly, the court grants Hiland's motion to dismiss McGee's EPA claim under Rule 12(b)(6) for failure to state a claim and dismisses the EPA claim.

* * *

For the reasons explained, the court grants Hiland's partial motion to dismiss.

**SO ORDERED**.

August 23, 2024.

 

                                                  SIDNEY A. FITZWATER
                                                  SENIOR JUDGE