IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREN MCGEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:23-CV-2630-D |
| VS. | § | |
| | § | |
| HILAND DAIRY FOODS CO., LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this *pro se* action, defendant Hiland Dairy Foods Company, LLC ("Hiland") moves for sanctions under Fed. R. Civ. P. 37(b), 37(d), and 41(b), seeking the dismissal of plaintiff Darren McGee's ("McGee's") civil action for failure to comply with this court's December 11, 2024 discovery order, failure to appear for deposition, and failure to otherwise prosecute this action. For the reasons that follow, the court grants Hiland's motion and dismisses this case with prejudice by judgment filed today.[*]

I

McGee filed his complaint in this action on November 29, 2023, alleging claims against Hiland under various state and federal statutes. On January 25, 2024 Hiland moved to partially dismiss McGee's complaint. The court granted Hiland's motion, but permitted McGee to file an amended complaint, which he did on April 18, 2024. On May 3, 2024

---

[*]Becuase the court is granting Hiland's motion for sanctions, it does not reach Hiland's February 11, 2025 motion to extend summary judgment and other motions deadline and denies that motion without prejudice as moot.

Hiland moved to dismiss McGee's newly-pleaded claim under the Equal Pay Act. The court also granted that motion.

Hiland served McGee with written discovery requests on August 21, 2024. On September 16, 2024 McGee advised Hiland that he was invoking his Fifth Amendment rights and was refusing to answer Hiland's line of questions due to his severe hearing loss. Hiland attempted to informally resolve the discovery dispute with McGee, but when McGee did not respond to defense counsel's emails, Hiland filed a motion to compel. On December 11, 2024 the court granted Hiland's motion, to which McGee had not responded, and ordered McGee to respond to Hiland's first set of interrogatories and first request for production of documents within 28 days. McGee failed to respond to Hiland's written discovery requests, as ordered.

On January 10, 2025 Hiland served McGee with a notice of deposition, scheduling his videotaped deposition for January 17, 2025. Due to McGee's assertion that he suffers from hearing loss, defense counsel requested that McGee provide her with any type of accommodation that he might need in order to facilitate the deposition. McGee failed to respond. On January 14, 2025 and January 16, 2025 defense counsel again attempted to contact McGee in an attempt to confirm whether he would be attending his deposition and whether he needed any type of accommodation. McGee again failed to respond. On January 17, 2025 Hiland appeared for McGee's properly noticed deposition, but McGee failed to appear.

Hiland now moves for sanctions under Rules 37(b), 37(d), and 41(b), seeking an order

dismissing McGee's complaint with prejudice. McGee has not responded to Hiland's motion within the time permitted by N.D. Tex. Civ. R. 7.1(e). The court now decides the motion on the briefing, without oral argument.

II

A court may sanction a party who fails to attend his own deposition or obey an order to provide or permit discovery. *See* Rule 37(b)(2)(A) & (d)(1). Appropriate sanctions may include an order dismissing the action, in whole or in part, and the district court's discretion to impose that sanction is broad. *See* Rule 37(b)(2)(A)(i)-(vii) & 37(d)(3); *Moore v. CITGO Ref'g & Chems. Co.*, 735 F.3d 309, 315 (5th Cir. 2013) (citing *Bluitt v. Arco Chem.*, 777 F.2d 188, 191 (5th Cir. 1985)). Several conditions must be satisfied, however, before the sanction of dismissal can be imposed for violating a discovery order: (1) "the refusal to comply [must] result[] from willfulness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction must not substantially achieve the desired deterrent effect. *Doe v. Am. Airlines*, 283 Fed. Appx. 289, 291 (5th Cir. 2008) (per curiam) (citation omitted).

A court also has authority to dismiss a case for want of prosecution or for failure to comply with a court order. *See* Rule 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*,

- 3 -

756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Such a dismissal may be with or without prejudice.  *See Long v. Simmons*, 77 F.3d 878,

879-80 (5th Cir. 1996).  But dismissal with prejudice is appropriate only if the failure to

comply with the court order is the result of purposeful delay or contumacious conduct and

the imposition of lesser sanctions would be futile.  *Id*. at 880; *see also Berry v.

CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

III

McGee failed to appear for his properly noticed deposition.  He also failed to comply

with the court's December 11, 2024 order requiring him to respond to Hiland's first set of

interrogatories and first request for production.  And he has failed to respond to the instant

motion for sanctions.  McGee has made no attempt to explain or justify these failures.

McGee is proceeding *pro se* and is entirely responsible for his conduct.  His repeated failures

to cooperate with defense counsel have deprived Hiland of basic discovery and substantially

prejudiced Hiland's ability to defend this lawsuit.  Accordingly, the court finds that sanctions

are appropriate under Rule 37(d)(1)(A)(i) & (b)(2)(A).  *See* Rule 37(d)(1)(A)(i) (court may

order sanctions if party fails to attend properly noticed deposition); Rule 37(b)(2)(A) (court

may order sanctions if party fails to obey an order to provide or permit discovery).

The court also finds that the appropriate sanction is an order dismissing this action

with prejudice.  This sanction—although admittedly extreme—is warranted here because

McGee has repeatedly shown that he has no regard for fundamental discovery processes or

this court's authority.  He has frustrated defense counsel's legitimate attempts to obtain

- 4 -

discovery and has completely disregarded an express order from the court. The court finds that a less drastic sanction would not substantially achieve the desired deterrent effect.

Dismissal is also appropriate under Rule 41(b). *See* Rule 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). McGee has shown very little interest in pursuing his claims. He has neglected his discovery obligations, and has failed to cooperate with defense counsel. He failed to file a response to the instant motion for sanctions, failed to appear for his deposition, and disregarded the court's December 11, 2024 order. Despite the fact that this case has been pending for more than 14 months, it has not advanced beyond the nascent stages. This failure to advance is entirely McGee's fault. The court finds that lesser sanctions would not prompt McGee to begin diligently prosecuting this case. Dismissal with prejudice is warranted under these circumstances.

* * *

Accordingly, for the reasons explained, the court grants Hiland's motion for sanctions and dismisses this case with prejudice by judgment filed today.

**SO ORDERED**.

February 14, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 5 -